## JAMES L. BAILEY and FRANK M. BAILEY, RESPONDENTS, *v.* JAMES FRUSH, APPELLANT.

TRIAL FEE—MUST BE PAID BY THE MOVING PARTY.—Section 1033 of the Code of Civil Procedure requires the plaintiff in the court of original jurisdiction, if he be the moving party, to advance the trial fee. If the defendant be the moving party in the court of original jurisdiction, he is then required to advance the trial fee. But in the appellate court the appellant is the party in all cases who is there required to advance such trial fee.

IDEM—WHEN PAYMENT OF, WILL NOT BE REQUIRED.—In no case is a trial fee required to be advanced if it be made to appear to the court, by affidavit of the party, that he is unable to advance the same.

IDEM—APPEAL MAY BE DISMISSED.—If the appellant in a cause refuse or neglect to advance the trial fee when required, the court may dismiss the appeal and affirm the judgment of the court below.

APPEAL from Multnomah County.

This action was brought in the County Court for Multnomah County to recover a balance of $320.43 for lumber sold and delivered by respondents to appellant. Respondents recovered judgment, from which appellant appealed to the Circuit Court. When the case was called for trial in the Circuit Court it was suggested that the trial fee of twelve dollars had not been paid, and both parties refused to pay the same, each claiming that the other was, under the law, required to pay such fee.

Thereupon appellant moved for a nonsuit, for the reason that respondents had abandoned their cause. The court overruled the motion for a nonsuit, and, upon its own motion, dismissed the appeal and affirmed the judgment of the court below, because of appellant's refusal to advance the trial fee, to which ruling of the court appellant duly excepted, and from which judgment he appeals to this Court.

*Marquam & Beal and A. H. Townsend,* for Respondents.

*Hill, Thayer & Williams,* for Appellant.

By the Court, BONHAM, J.:

The only questions presented by the appeal in this case are the validity and construction of § 1033 of the Code of

Civil Procedure, which reads as follows: "The trial fee is to be paid by the plaintiff, appellant or moving party, before he is entitled to, or can claim the trial or other proceeding upon which such fee is imposed; and if the party paying such fee prevail in the action, suit or proceeding, so as to be entitled to recover costs therein, such fee shall be allowed and taxed as a disbursement, and collected of the adverse party."

Upon the argument of this cause it was urged by counsel for appellant that the section of the statute above quoted is unconstitutional and void; but, if valid, that it required the plaintiffs in this case to pay the trial fee. In support of the position that § 1033 of the Code is in contravention of the Constitution of Oregon, counsel cite § 10 of the Bill of Rights (Code, p. 76), which declares among other things that "justice shall be administered openly and without purchase." Also, "that the right of trial by jury, in all civil cases, shall remain inviolate." (Code, § 17, p. 76.)

From these premises it is argued that inasmuch as appellant could not obtain a constitutional jury of twelve persons in the County Court, he had the unconditional right to appeal the cause to the Circuit Court, and there demand a jury trial, before he could legitimately be divested of his property to satisfy the judgment of the County Court against him.

While it is true that no person can rightfully be "deprived of life, liberty or property, without due process of law," yet we do not understand that the language of the Constitution, "justice shall be administered    *    *    * without purchase," is to be given that broad, comprehensive and unqualified construction claimed for it by appellant's counsel.

While the statute provides whereby appellant might have secured a trial of his cause, by a constitutional jury of twelve good and lawful men, either by advancing the fee of twelve dollars, or by swearing that he was not able to do so, we do not think that the provisions of the Constitution cited contemplate that in civil cases a party has the right to absolutely demand such jury, without complying with the reasonable conditions and requirements of the statute.

The time has never been, since the adoption of our Constitution, and we presume it never was before, when litigants could conveniently either prosecute or defend civil actions and suits without the expenditure of more or less money in payment of the fees of officers of the court, witnesses, and other incidental expenses.

And it is not unusual to find law requiring these costs and expenses to be advanced or secured to the officer or person entitled to them before the service is rendered. It has always been a favorite doctrine, and is certainly an equitable one, that litigants should contribute materially toward the expense of maintaining courts of justice. And, where the litigant has the means to enable him to do so, we can see no impropriety in his attorney requiring him to advance a retainer before the trial of his cause is proceeded with. Briefly, and yet without passing over points made in the argument without due consideration, we are disposed to hold that the language of our Constitution that "justice shall be administered  * * *  without purchase," means simply that justice shall not be bought with bribes, nor shall the attendant or incidental expenses of litigation, in the nature of costs and disbursements, be so exorbitant and onerous as to virtually close the doors of courts of justice to those who may have occasion to enter there. In other words, that the rights of the poor man to a redress of his grievances shall be equally respected with those of the rich, and that equal and exact justice shall be dealt out alike to all.

In the construction of the meaning of the language of § 1033 of the Code, we hold that upon a trial in the first instance in the court of original jurisdiction, the plaintiff, if he be the moving party in the trial, is required to advance the trial fee. If the defendant be the moving party in the trial, in the first instance, as where the allegations of the complaint are all admitted by the answer, but new matter is set up by the defendant by way of plea in avoidance, or as a counter-claim, in that case the defendant is the moving party, and the one required to advance the trial fee; because the only issues in the case are tendered by the de-

fendant, and accepted by the plaintiff; and the defendant is the party who, by his pleading, renders a trial by jury necessary in the case.

But, upon appeal, the appellant is the party in all cases who is required to advance the trial fee, because the respondent is supposed to be satisfied with the trial already had, and the appellant is the party who, by his proceeding, makes the second trial necessary, and for whose prospective benefit the same is had.

Counsel for appellant claim (assuming it to be the correct construction of § 1033 of the Code) that the appellant in this case was required to advance the trial fee, that all the court could have done, as the result of his failure to pay, was to have refused a trial until such fee should be paid. In view of the fact that it is a cardinal principle in law that "justice shall be administered completely and without delay," as well as "openly and without purchase," we think that a construction of the section referred to is not warranted which would postpone the trial and leave the judgment of the court below suspended indefinitely, when the appellant is the only party who is not satisfied with the judgment already obtained. Such construction would operate to the inconvenience and injury of the party not in fault.

But it was further argued that, in any event, the court below had not the authority to dismiss the appeal for the failure of appellant to advance the trial fee. And while it is true, as claimed by counsel for appellant, that the statute does not, in express terms, authorize the court to dismiss an appeal for the reason that the trial fee has not been advanced, yet we hold that courts of justice, and especially those of general jurisdiction, possess certain implied or incidental powers in cases like this. The court has acquired jurisdiction of the parties, and of the subject-matter of the action, and is authorized to make an order requiring the appellant to advance the trial fee, which is done. The appellant refuses to pay. What is the remedy? We think that authority to proceed in such cases is provided in § 911 of the Civil Code, which reads as follows: "When jurisdic-

tion is, by the organic law of this State, or by this code, or any other statute conferred on a court or judicial officer, all the means to carry it into effect are also given; and, in the exercise of the jurisdiction, if the course of proceeding be not specifically pointed out by this code, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

We hold, therefore, that the court below, for its own protection, as well as that of respondents, against the uncertainty and vexation of the delay and postponement of the trial indefinitely, had the authority to dismiss the appeal of the defendant as a penalty for his refusal to comply with the requirements of the statute making it his duty to advance the trial fee in the appellate court. And, possessing the authority to dismiss the appeal, it follows, as the sequence, that the judgment of the County Court should thereupon be affirmed. (Jus. Code, § 77.)

Judgment affirmed.