13

Argued and submitted June 15, 2015, vacated and remanded December 21, 2016

Richard Derek BELL,
an individual; and
Corie Lahr, an individual,
*Plaintiffs-Appellants,*
*and*

FRIENDS OF THE
HOOD RIVER WATERFRONT,
an Oregon non-profit corporation,
*Plaintiff,*

*v.*

CITY OF HOOD RIVER,
a Municipal corporation; and
NBW Hood River, LLC,
an Oregon corporation,
*Defendants-Respondents.*

Hood River County Circuit Court
120088CC; A156481

388 P3d 1128

John A. Olson, Judge.

Brent C. Foster argued the cause and filed the briefs for appellants.

Daniel Kearns argued the cause for respondent City of Hood River. With him on the brief was Reeve Kearns, PC.

Steven D. McCoy filed the brief *amicus curiae* for 1000 Friends of Oregon.

Katherine Thomas, Sean E. O'Day, and Rob Bovett filed the brief *amicus curiae* for League of Oregon Cities and Association of Oregon Counties.

No appearance for respondent NBW Hood River, LLC.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.*

---

\* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

**ARMSTRONG, P. J.**

Plaintiffs appeal the trial court's dismissal of a declaratory judgment action that they brought against the City of Hood River and a developer, NBW Hood River, LLC. Plaintiffs sought to have declared unconstitutional, under Article I, section 10, of the Oregon Constitution, the city's imposition of a nonwaivable fee that must be paid to appeal land use decisions of the city's planning commission to the city council. On the parties' cross-motions for summary judgment, the trial court concluded that Article I, section 10, did not apply to the city's fee and dismissed plaintiffs' action. We also conclude that Article I, section 10, does not apply to the city's fee in this case. However, we further conclude that the trial court's dismissal of plaintiffs' declaratory judgment action was not the proper disposition of the case. Rather, the court must issue a judgment declaring the effect of Article I, section 10, on the city's appeal fee. We therefore vacate the judgment and remand for entry of such a judgment.

"When, as here, the facts are not in dispute, we review rulings on cross-motions for summary judgment to determine whether either party is entitled to judgment as a matter of law." *Busch v. Farmington Centers Beaverton*, 203 Or App 349, 352, 124 P3d 1282 (2005), *rev den*, 341 Or 216 (2006).

NBW Hood River proposed a commercial development on the waterfront in the City of Hood River, which plaintiffs oppose. Plaintiffs testified before the city planning commission that the development violated land use laws and would cause various harmful effects. The planning commission, however, approved the development. The city requires a person to pay a fee equal to the application fee to appeal the planning commission's land use decisions to the city council, and it does not provide a process to obtain a waiver or reduction of that fee.[1] Here, the city ultimately

---

[1] Hood River Municipal Code 17.09.090 provides that filing fees for appeals "shall be established by the Council by resolution." The city council has established by resolution that those fees are to be equal to the application fee. Hood River City Council Resolution 2011-21. Further, under Hood River Municipal Code 17.09.070(D), "[a]ny Notice of Appeal application that *** is not accompanied by the required appeal fee shall not be accepted for filing."

told plaintiffs that the appeal fee would be $3,258. Plaintiffs asked the city council to waive the fee because they could not afford to pay it, but the city council declined to do that.

Plaintiffs thereafter filed this declaratory judgment action against the city and NBW Hood River, seeking a declaration that the city's fee is invalid under the "justice without purchase" clause in Article I, section 10.[2] Plaintiffs asserted below, and reassert on appeal, that, for land use decisions, they are required to exhaust their remedies at the city level, including appealing to the city council, before they can appeal to the Land Use Board of Appeals (LUBA). ORS 197.825(2)(a). In turn, they argue, they are required to pursue an appeal to LUBA before they can appeal a land use decision to the Court of Appeals. ORS 197.850(3)(a). Thus, plaintiffs reason that the city's appeal fee, which is more than most people can pay, is an invalid bar to the access to courts "without purchase" that Article I, section 10, guarantees.

On cross-motions for summary judgment, the trial court concluded that Article I, section 10, was inapplicable because the city council is not a court and "[t]here is nothing in the wording, historical context, or interpretive case law to suggest that the Justice Without Purchase Clause of Article I, section 10, has any applicability to an appeal fee set by a city council in accordance with guidelines established by the state legislature." The trial court was not persuaded by plaintiffs' argument that the city's fee violated their rights under Article I, section 10, because plaintiffs were required to exhaust remedies at the city level before obtaining court review. The trial court then entered a judgment for defendants that dismissed plaintiffs' action. Plaintiffs renew their arguments on appeal.[3]

---

[2] Plaintiffs also requested and obtained a preliminary injunction that allowed them to go forward with their appeal of the planning commission's land use decision to the city council without first paying the appeal fee. That injunction was dissolved when the trial court issued its judgment.

[3] The trial court also based its decision, in part, on its conclusion that, because plaintiffs had standing to appeal to LUBA, plaintiffs could obtain "access" to LUBA by challenging the planning commission's land use decision without first appealing to the city council, even though such an appeal would be subject to dismissal for lack of jurisdiction. Plaintiffs argue on appeal that the trial court erred in so concluding. We need not resolve that question because,

We start our analysis with the text of Article I, section 10, which provides:

> "No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

Recently, in *Horton v. OHSU*, 359 Or 168, 376 P3d 998 (2016), the Supreme Court discussed the text and historical origins of Article I, section 10, in interpreting the remedy clause of that provision. As to the text, and as pertinent here, the court stated:

> "Textually, Article I, section 10, differs from other sections included in Oregon's bill of rights. It is not a protection against the exercise of governmental power. *State ex rel Oregonian Pub. Co. v. Deiz*, 289 Or 277, 288, 613 P2d 23 (1980) (Linde, J., concurring). Rather, '[i]t is one of those provisions of the constitution that prescribe how the functions of government shall be conducted.' *Id*. Specifically, '[s]ection 10 as a whole is plainly concerned with the administration of justice.' Hans A. Linde, *Without "Due Process": Unconstitutional Law in Oregon*, 49 Or L Rev 125, 136 (1970). Each of the three independent clauses that comprise Article I, section 10, addresses that topic.
>
> "The first independent clause prohibits secret courts while the second provides that justice shall be administered 'openly and without purchase, completely and without delay.' The third independent clause provides that 'every man shall have remedy by due course of law for injury done him in his person, property, or reputation.'"

*Id*. at 179 (footnotes omitted). In *Doe v. Corp. of Presiding Bishop*, 352 Or 77, 88, 280 P3d 377 (2012), the court similarly emphasized that the second independent clause prescribes how justice must be administered in Oregon.

Looking again at the text, although the first two clauses are grammatically independent, their meaning is

---

whether or not plaintiffs are correct, we would reach the same legal conclusion on the single question posed by plaintiffs' declaratory judgment action, *viz.*, whether the city's imposition of the fee violates Article I, section 10.

not. The first clause, "No court shall be secret," and the second clause, "justice shall be administered," are linked by the conjunction "but." That linkage suggests that the administration of justice prescribed (including "without purchase") is the means by which courts are to fulfill their obligation to operate openly. In that way, the prescriptions on how justice is to be administered apply only to the work done in a "court." The Supreme Court previously has examined the word "court" and concluded that, "within the meaning of Article I, section 10, a 'court' is a governmental institution, composed of judges and their supporting staff, whom the law charges with the responsibility to administer justice." *Doe*, 352 Or at 90. Administering justice, in turn, is directed at adjudications, because "'[t]he fundamental function of courts is to determine legal rights based upon a presentation of evidence and argument.'" *Id.* (quoting *Oregonian Publishing Co. v. O'Leary*, 303 Or 297, 303, 736 P2d 173 (1987) (brackets in *Doe*)); *see also State v. MacBale*, 353 Or 789, 806, 305 P3d 107 (2013) ("Justice is administered when a court determines legal rights based on the presentation of evidence and argument."); *Oregonian Publishing Co.*, 303 Or at 303 ("The primary limitation on the scope of section 10 is that it is directed only at adjudications. To the extent that adjudications are not involved, the administration of justice is not governed by it."). Thus, the administration of justice prescribed by Article I, section 10, is directed to courts that are conducting adjudications.

We also have previously addressed the "without purchase" portion of that clause in *Allen v. Employment Dept.*, 184 Or App 681, 57 P3d 903 (2002). In that case, the petitioner challenged as unconstitutional the statutory fee for filing a petition for judicial review in this court. After applying the methodology set out in *Priest v. Pearce*, 314 Or 411, 415-16, 840 P2d 65 (1992), we concluded that "justice without purchase" in Article I, section 10, "was meant to prohibit (1) the procurement of legal redress through bribery and other forms of improper influence; and (2) *the judicial imposition* of fees and costs in amounts so onerous as to unreasonably limit access to the courts." *Allen*, 184 Or App at 688 (emphasis added); *see also Bailey v. Frush*, 5 Or 136, 138 (1873) ("'[J]ustice shall be administered *** without

purchase,' means simply that justice shall not be bought with bribes, nor shall the attendant or incidental expenses of litigation, in the nature of costs and disbursements, be so exorbitant and onerous as to virtually close the doors of courts of justice to those who may have occasion to enter there."). We then upheld the filing fee in *Allen* because it was not an unreasonable bar to access to the courts. *Allen,* 184 Or App at 688-89.

Here, plaintiffs make no argument that the city is bound by the administration of justice prescriptions of Article I, section 10. That is, plaintiffs have purposefully not advanced an argument that the city's fee is unconstitutional because it unreasonably blocks access to the city council's review of the planning commission's decision. Rather, plaintiffs argue that the city's appeal fee violates Article I, section 10, because it is an unreasonable burden on their access to either LUBA or the Court of Appeals, because the land use statutes require plaintiffs to exhaust local remedies to obtain LUBA or Court of Appeals review of the city's land use decision.

As explained above, Article I, section 10, prescribes how justice is to be administered *in the courts.* Plaintiffs, however, are not challenging the administration of justice in the courts. Plaintiffs are, in a declaratory judgment action brought against the city, directly challenging the validity of the city's fee—a fee that applies only to an appeal to the city council. The city's fee does not pose a direct bar to plaintiffs' access to the courts, and plaintiffs have expressly chosen not to assert that the city was acting as a court administering justice when it charged the fee. Rather, the bar to the courts that plaintiffs point out is the requirement in the land use statutes that plaintiffs must first exhaust local remedies before appealing. It may be that that exhaustion requirement, as applied in plaintiffs' case, imposes an onerous financial burden to the access to courts that is amenable to constitutional challenge. However, that is not the challenge that plaintiffs have brought. Simply put, plaintiffs' declaratory judgment action is not addressed to what Article I, section 10, prescribes. Thus, the trial court did not err in its legal conclusions.

However, because the trial court dismissed plaintiffs' declaratory judgment action instead of entering a judgment that declared the parties' respective rights, we vacate and remand for entry of a judgment that includes a declaration of the parties' rights that is consistent with this opinion. *See Doe v. Medford School Dist. 549C*, 232 Or App 38, 46, 221 P3d 787 (2009) ("When the dismissal of a declaratory judgment action was clearly based on a determination of the merits of the claim, however, our practice has been to review that determination as a matter of law and then remand for the issuance of a judgment that declares the rights of the parties in accordance with our review of the merits.").

Vacated and remanded.