ORTEGA, P.J.
*18 Plaintiffs, Donald and Janet Schroeder, brought declaratory judgment action asking that the trial court declare their rights in the property and declare two foreclosure sales of their home invalid. After a summary judgment hearing, the court granted defendants'[1] motion for summary judgment concluding that the second foreclosure sale on plaintiffs' home was valid and that their rights in the home were extinguished. The court entered a judgment dismissing plaintiffs' claims, including the declaratory judgment action, and subsequently entered a supplemental judgment awarding attorney fees to Clackamas County Bank (CCB).
On appeal, plaintiffs assert that the trial court erred in granting defendants' motion for summary judgment and awarding attorney fees to CCB under ORS 20.105. We conclude, without written discussion, that the trial court's grant of summary judgment was not error. As explained below, we also conclude that the trial court did not err in awarding attorney fees and costs in favor of CCB. However, because it is error to dismiss a claim for declaratory relief unless there is no justiciable controversy, we remand for the issuance of a judgment that declares the rights of the parties.[2]
*728 Bell v. City of Hood River , 283 Or. App. 13, 20, 388 P.3d 1128 (2016).
ORS 20.105 provides that a court can award reasonable attorney fees only if it determines that the nonprevailing party had "no objectively reasonable basis for asserting the claim." A party's claim is not objectively reasonable if it "is entirely devoid of legal or factual support, either at the time it is made or in light of additional evidence or *19 changes in the law as litigation proceeds." Williams v. Salem Women's Clinic , 245 Or. App. 476, 482, 263 P.3d 1072 (2011) (internal citations omitted). "[W]hether a claim lacks objectively reasonable basis is a legal question, and we review the trial court's ruling on that question for legal error." Id . For the reasons expressed below, we agree with the trial court's determination that plaintiffs' claims were entirely devoid of legal or factual support.
We pause to briefly explain that the Oregon Trust Deed Act (OTDA), ORS 86.705 to 86.815, provides an alternative to the traditional judicial foreclosure process and is only available when a home loan is secured by a trust deed. Even then, certain conditions must be satisfied. Brandrup v. ReconTrust Co. , 353 Or. 668, 676, 303 P.3d 301 (2013). Accordingly, the OTDA allows a trustee to "sell property securing an obligation under a trust deed in the event of default, without the necessity for judicial action." Staffordshire Investments, Inc. v. Cal-Western , 209 Or. App. 528, 542, 149 P.3d 150 (2006), rev. den. , 342 Or. 727, 160 P.3d 992 (2007).
Plaintiffs obtained two mortgage loans from CCB and defaulted on both when they failed to pay the loan amounts in full on their maturity date in October 2011. As a result, in November 2011, CCB began the nonjudicial foreclosure process for the first deed of trust. CCB recorded a notice of default in November 2011 and included the amount owed on the notes plus unpaid taxes and fees. For the next two years, while plaintiffs contested the foreclosure proceeding, plaintiffs continued to live in their home while still failing to satisfy their outstanding debts.
In late 2013, CCB scheduled a foreclosure sale date on the first deed of trust, and plaintiffs filed an action for declaratory relief asking the court to declare their rights in the property and to prevent the scheduled foreclosure sale from moving forward. CCB moved to dismiss the action, which was denied by the court. Plaintiffs then amended their complaint to claim that the sale could not occur because of a technical violation in the notice of sale, which CCB amended before the scheduled sale. In January 2014, the foreclosure sale was held. Even though the sale occurred and the property was sold back to CCB, plaintiffs continued to litigate *20 this case. CCB decided to foreclose on the second deed of trust and, in May 2014, a sale for the second deed of trust occurred, and the property was sold to a third party. After the second sale, plaintiff contacted the third party's attorney and claimed that the first sale was invalid. However, in that letter, plaintiffs also argued that the second sale was invalid because the first sale extinguished their interest in the property.
In June 2014, defendants moved for summary judgment on several grounds, asserting that either or both of the sales extinguished plaintiffs' interest in the property. At the summary judgment hearing, plaintiffs raised the same arguments that they had in their complaint and the letter to the third party's attorney. The court granted defendants' motion for summary judgment and awarded attorney fees to CCB. In a letter to the parties, the court concluded that plaintiffs' position was entirely devoid of legal or factual support. The court first noted that
"[p]laintiffs asserted challenges to both *** foreclosure proceedings. Logically, if the challenge to the first proceeding were valid, the second proceeding would be free from challenge. And, *** if the challenges to the first proceedings were invalid, that foreclosure would have been unobjectionable."
The court went on to conclude that
"[b]y proceeding in the way [they] did, plaintiffs forced the bank to defend for no reason based on law or fact. The positions *729 being entirely inconsistent, the litigation can be viewed as maintaining a claim for the purpose of delay or bargaining leverage. After losing in that effort, plaintiffs [are] exposed to paying the costs incurred by the bank in defending [it]."
On appeal, plaintiffs assert that the attorney fee award was error because their position was not "entirely devoid of legal or factual support at the time it was made." Salem Women's Clinic , 245 Or. App. at 482, 263 P.3d 1072. Plaintiffs appear to argue that, generally, requests for a declaratory judgment cannot be meritless and a basis to award attorney fees under ORS 20.105. They further assert that their claims were meritorious because defendants had previously filed a *21 motion to dismiss for failure to state a claim under ORCP 21 A(8), which the court denied. According to plaintiffs, that denial can only mean that the court implicitly concluded that their claims had merit and, because the claims at the time of the summary judgment hearing were virtually the same as they were when CCB filed the motion to dismiss, plaintiffs contend that we cannot conclude that all of their claims were meritless.
CCB counters by first asserting that it is irrelevant that plaintiffs' primary cause of action was for declaratory relief because the purpose of ORS 20.105 is to prevent a party from bringing any objectively unreasonable claim. Further, it points out that its motion to dismiss was denied before the second sale occurred and so did not require the court to evaluate the reasonableness of plaintiffs' claims under the circumstances as they existed at the time of summary judgment. CCB argues that, once the court deemed the second sale valid, plaintiffs had an obligation to dismiss their suit because any argument as to why the first sale was invalid was irrelevant once the second sale occurred. CCB maintains that plaintiffs' assertions about the merits of their arguments cannot survive the trial court's determination that their various positions could not coexist. Continuing to litigate the case under these circumstances was objectively unreasonable according to CCB and, therefore, the trial court did not err. We agree.
To begin with, we reject plaintiffs' assertion that a request for declaratory relief is somehow exempt from an award of attorney fees under ORS 20.105. Any claim-even one for declaratory relief-is subject to attorney fees under that statute if it is objectively unreasonable. Additionally, plaintiff's assertion that their claims cannot lack merit because the court denied a motion to dismiss is incorrect, at least in the circumstances of this case. First, as we have held, "a declaratory judgment action is not the proper subject of a motion to dismiss [under ORCP 21 A(8) ], except for want of a justiciable controversy." Doe v. Medford Dist. 549C , 232 Or. App. 38, 45, 221 P.3d 787 (2009). A trial court's unwillingness to dismiss a case on the pleadings does not necessarily preclude a later judgment that the claims lacked *22 merit, particularly where the circumstances change after the court denied the motion to dismiss. In this case, the second foreclosure sale occurred after the denial of the motion to dismiss, and an assessment of the merits of the case was different after that sale occurred.
Moreover, as the trial court correctly assessed, plaintiffs' positions contradict each other in a way that deprives both of merit. This is not a case where plaintiffs have two alternative but inconsistent claims, either of which could provide a basis to invalidate the sale. Rather, plaintiffs' challenge to either sale necessarily depends on the validity of the other. In other words, here, plaintiffs argue that the first sale is invalid, but also argue that the second sale is invalid because the first sale extinguished their rights in the property. If the first sale was invalid, as plaintiffs argue, then the second sale extinguished plaintiffs' rights in the property, and they are barred from asserting their claims. However, if the second sale is invalid because, as plaintiffs argue, they had no interest in the property after the first sale, then the first sale must have been valid; as to the second sale, plaintiffs' only reason for challenging its validity is that the first sale was valid. That means that, under plaintiffs' alternative arguments, one of the sales was valid and, therefore, regardless of which sale was valid, plaintiffs' interest in the property was *730 properly foreclosed. Accordingly, there was no objectively reasonable claim that plaintiffs could assert once the second sale occurred.
Although we conclude that the court did not err in granting defendants' motion for summary judgment and awarding attorney fees in favor of CCB, as we noted, the trial court erred in dismissing the declaratory judgment action, with prejudice, rather than entering a judgment declaring the validity of the nonjudicial foreclosure sale and the parties' rights in the property. Therefore, we must vacate the judgment and remand for entry of a judgment declaring that the second foreclosure sale was valid, and plaintiffs' rights in the property were extinguished.
Vacated and remanded with instructions.

The named defendants at the time of the trial included: CCB; JVV Investments, LLC, the company that purchased plaintiffs home and has title to the property; and Michelle Bertolino, the trustee who sold the property. The issue we address in this opinion-the award of attorney fees under ORS 20.105 -concerns only CCB.

In the order granting defendants' motion for summary judgment, the court concluded that the second sale was valid and plaintiffs' rights in the property were extinguished. However, the judgment that was entered dismissed all plaintiffs' claims with prejudice, including defendant's declaratory judgment, which we conclude was error.