Argued and submitted October 31, 2019; in A158775, order requiring payment of additional amount to satisfy judgment reversed and remanded for determination of amount, if any, owing under 1999 judgment, otherwise affirmed; in A165753, supplemental judgment awarding plaintiff attorney fees reversed, otherwise affirmed December 2, 2020

MAGNO, LLC,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

Jeffrey D. BOWDEN,
*Defendant-Respondent*
*Cross-Appellant,*

*and*

BOWDEN ENTERPRISES, INC.,
*Defendant.*

MAGNO, LLC,
*Plaintiff-Respondent,*

*v.*

Jeffrey D. BOWDEN,
*Defendant-Appellant,*

*and*

BOWDEN ENTERPRISES, INC.,
*Defendant.*

Washington County Circuit Court
C990586CV;
A158775 (Control), A165753

479 P3d 592

Plaintiff appeals from an order under ORS 18.325 determining that defendants had satisfied a 1999 judgment for rent and from a supplemental judgment awarding fees to defendant Bowden. Defendant Bowden cross-appeals, asserting that the trial court erred in determining in an earlier order that Bowden owed an additional payment of $19,625 plus interest under the 1999 judgment. In a separate appeal, Bowden contends that the court erred in awarding attorney fees to plaintiff for recovering additional funds. *Held*: Bowden's obligation to pay rent under the 1999 judgment ceased with the restitution of the premises on August 1, 2000. After that date, there was no entitlement to rent or obligation to pay it. Defendants paid sufficient funds to cover the rent through August 1, 2000. The trial court therefore erred in determining that an additional payment of $19,925 was required of defendants to satisfy the judgment. The Court of Appeals held that the record also supported the trial court's award of attorney fees to Bowden.

On Bowden's separate appeal, in light of the determination that no additional amounts were owed by defendants on the 1999 judgment, the court reversed the supplemental judgment awarding fees.

In A158775, order requiring payment of additional amount to satisfy judgment reversed and remanded for determination of amount, if any, owing under 1999 judgment; otherwise affirmed; in A165753, supplemental judgment awarding plaintiff attorney fees reversed; otherwise affirmed.

Janelle F. Wipper, Judge.

Bruce H. Orr argued the cause for Jeffery D. Bowden. Also on the briefs was Wyse Kadish LLP.

Terrence Kay argued the cause for Magno, LLC. Also on the briefs was Matthew Chandler.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

In A158775, order requiring payment of additional amount to satisfy judgment reversed and remanded for determination of amount, if any, owing under 1999 judgment; otherwise affirmed; in A165753, supplemental judgment awarding plaintiff attorney fees reversed; otherwise affirmed.

**ARMSTRONG, P. J.**

These consolidated appeals are from an order under ORS 18.325 declaring that an obligation of defendants Jeffrey D. Bowden (Bowden) and Bowden Enterprises, Inc., under a 1999 judgment has been satisfied, and from supplemental judgments awarding both parties their attorney fees. On plaintiff's appeal in A158775, we affirm the trial court's determination that defendants ultimately satisfied the 1999 judgment and the court's supplemental judgment awarding fees to Bowden. However, on Bowden's cross-appeal in A158775, we conclude that the court erred in determining in an earlier order that Bowden was required to make an additional payment of $19,625 plus interest in order to satisfy the 1999 judgment. On Bowden's appeal in A165753, we reverse the supplemental judgment awarding attorney fees to plaintiffs.

The facts are undisputed. Plaintiff Magno, LLC, owns a 30,000 square foot commercial property. In 1997, plaintiff's predecessor in interest entered into a five-year commercial lease for the entire premises with defendants Bowden Enterprises, Inc., and Bowden, for the period April 1, 1997, through March 31, 2002. Bowden, individually, also was a guarantor of Bowden Enterprise's obligation under the lease.

Defendants had difficulties paying rent. Plaintiff acquired the property in 1999 and received an assignment of the lease. On May 14, 1999, when defendants were late on the May rent payment, plaintiff brought an action against Bowden only, for the May rent. The complaint alleged claims for breach of the lease, breach of the guaranty, and commercial FED, and sought a judgment for possession of the premises and a "continuing judgment" for all rent due and to become due on the remainder of the lease.

Bowden failed to appear in the action, but defendants paid rent for May and June 1999. On July 8, 1999, plaintiff obtained a default judgment against Bowden, both as a lessee and as guarantor, for the rent owing in July 1999 and for the full duration of the lease.[1] At that point, the July

---

[1] Plaintiff's motion for a default judgment did not seek restitution of the premises, because, at the time, Bowden Enterprises was in Chapter 11 bankruptcy, and any eviction or termination of the lease was stayed.

rent payment was one week late. The "recital" portion of the judgment stated:

"[T]he Court hereby finds that Defendant is in default for failing to appear and defend, the Plaintiff's allegations regarding breach of the lease and guaranty and the eviction are deemed true based on the default, and, according to the lease the Plaintiff shall have the right to apply for an award of all its unpaid rent through the balance of this lease less any actual rent received upon releasing, and any expenses, damages, attorney fees, costs and disbursements provided under the lease. *Plaintiff shall have the right to apply to the Court for the award of all such amounts to be awarded by supplemental or separate judgments* and the Court finds there is no just cause for delay in entering under ORCP 67B, and hereby."

(Emphasis added.) The adjudicative section of the judgment stated:

"Plaintiff Magno, L.L.C. is awarded a Judgment against Defendant for all the amounts described above to be awarded as stated, with a continuing monthly judgment *for rent* of $12,925.00 per month beginning July 1, 1999, plus such additional amounts owing to be subsequently awarded."

(Emphasis added.) The judgment included a "Money Judgment Amount":

"$12,925.00 per month as of July 1, 1999 and the first of each calendar month hereafter through March 1, 2002 with interest on each monthly amount due with 9% simple interest per annum until paid [note this is a continuing Judgment of monthly amounts and not a one month obligation]."

The judgment provided, further:

"Note that additional amounts described above in this Judgment may be subsequently awarded and entered by supplemental or other Judgment."

Bowden did not appeal the judgment. After entry of the judgment, in July 1999, defendants made the July and August rent payments. Bowden Enterprises had filed for

Chapter 11 bankruptcy and could not be evicted during the bankruptcy stay. But when the stay was lifted in July 1999, plaintiff amended its complaint to add Bowden Enterprises as a defendant and, on September 27, 1999, the court entered a stipulated money judgment against Bowden Enterprises and a judgment for restitution of the leased premises within 33 days.

The parties agreed to nine extensions of the restitution date and, upon each extension, by agreement, defendants paid plaintiff $9,000 for the continued occupancy of the premises, but plaintiff did not waive its right under the judgment to collect "any amount of rent, expenses, fees, or other amounts" due under the lease. Defendants vacated the premises on July 31, 2000, and, as of August 1, 2000, plaintiff had leased approximately 20,000 square feet of the premises to a third party. The trial court found that, by end of December 2000, plaintiff had occupied the remainder of the premises.

As noted, Bowden Enterprises had filed for bankruptcy in 1999. Plaintiff filed a claim in the bankruptcy court and received a payment of $33,000. In May 2003, plaintiff executed a partial satisfaction of the 1999 judgment in the amount of $33,000. Also in May 2003, plaintiff made a demand on Bowden for payment of amounts it believed were still owing under the 1999 judgment, including interest and attorney fees.

In 2013, plaintiff garnished $3,834.39 from Bowden and issued a partial satisfaction of the 1999 judgment for that amount. Also in 2013, plaintiff initiated an action to foreclose on Bowden's residence, asserting that Bowden's liability under the 1999 judgment had grown to $548,000. The trial court dismissed that action for failure to state a claim, awarding Bowden attorney fees as the prevailing party. An appeal and cross-appeal of that matter are currently pending (A162346), challenging the award of attorney fees.

While the foreclosure matter was pending, Bowden filed a motion in 2014 in this proceeding in the circuit court

under ORS 18.235(1),[2] or ORCP 71 B(1)(e)[3] seeking a determination that the 1999 judgment had been satisfied in full or a determination of the amount necessary to satisfy the judgment. Bowden further sought a determination that the judgment's provision for future payments of rent was void or without effect.

The trial court rejected Bowden's contention that the judgment's provision for future payments was without effect, concluding that the judgment unambiguously provided for monthly payments from July 1, 1999 to March 1, 2002. But the trial court determined that Bowden's remaining obligation under the judgment had been offset by rent paid

---

[2] ORS 18.235 provides, as relevant:

"(1) A judgment debtor, or a person with an interest in real property against which a judgment lien exists, may move the court for an order declaring that a money award has been satisfied or for a determination of the amount necessary to satisfy the money award, when the person making the motion cannot otherwise obtain a satisfaction document from a judgment creditor.

"(2) Motions under this section shall be filed in the action in which the judgment was entered. All proceedings on the motion shall be conducted as part of the action in which the judgment was entered. An appearance fee may not be charged for filing a motion under this section.

"* * * * *

"(7) If the court determines that the person making the motion is entitled to relief, the court shall issue an order providing that the money award has been satisfied in full or, if the money award has not been satisfied in full, the specific amount that will satisfy the judgment on a specific date or within a period of time specified in the order.

"(8) If the court finds that the judgment creditor willfully failed to provide a satisfaction document under ORS 18.225, the court may render a supplemental judgment awarding reasonable attorney fees to the person making the motion. The supplemental judgment may provide that the person making the motion may satisfy the judgment by paying such amounts the court determines to be necessary to satisfy the judgment less that sum of money the court awards as attorney fees."

[3] ORCP 71 B(1)(e) provides, in part:

"(1) * * * On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64F.; (c) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

to plaintiff by the third-party tenant beginning August 1, 2000, and by the like-kind value of plaintiff's own occupancy of one-third of the premises beginning in December 2000. The trial court found that Bowden had a remaining obligation to plaintiff of $19,625, plus interest, based on the amount of $3,925 that the trial court calculated was owed by defendants as rent for the five-month period from August 1, 2000, through December 2000, during which time plaintiff received only $9,000 in rent, paid by the third-party tenant.

In December 2015, Bowden paid plaintiff $42,675.36 in full satisfaction of the judgment. Plaintiff filed a partial satisfaction of the 1999 judgment, acknowledging the payment, but declined to file a full satisfaction of the judgment.

Bowden then filed a second motion under ORS 18.235(1), seeking a determination that the 1999 judgment had been fully satisfied. The court agreed, issuing an order in June 2016 that the 1999 judgment was fully satisfied and subsequently entering a supplemental judgment awarding Bowden attorney fees. The court included in its supplemental judgment a finding that attorney fees were warranted under ORS 18.235 "because Plaintiff willfully failed to file satisfaction document(s) when it was obligated to do so."

In A158775, plaintiff appeals, asserting that the trial court erred in determining that the 1999 judgment was satisfied and in awarding Bowden attorney fees. Bowden cross-appeals, contending that the trial court erred in failing to determine in its order that the provisions of the 1999 judgment for future payments were without effect and in ordering an additional payment to satisfy the judgment.

In a supplemental judgment of July 2017, the trial court awarded plaintiff its attorney fees for having collected $42,675.36 on the 1999 judgment. In A165753, Bowden appeals, asserting that the trial court erred in awarding attorney fees to plaintiff, because plaintiff had not complied with the procedural prerequisites for an award of attorney fees and, further, because there is no statutory authorization for the award.

We review the trial court's legal conclusions for legal error and its factual determinations for any evidence in the

record to support them. *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016). Because it is largely dispositive, we address first Bowden's contention on cross-appeal in A158775 that the trial court erred in determining that the 1999 judgment imposed on defendants a continuing judgment of $12,925 per month through March 1, 2002. Bowden contends that, as a matter of law, the judgment could not be "continuing." Further, in Bowden's view, because the judgment was for payment of "rent," it could not, as a matter of law, have a prospective effect beyond defendants' possession of the premises. Accordingly, Bowden contends, no amount was owing on the judgment after the restitution of the property.

Initially, we reject Bowden's contention that the judgment could not legally provide for future periodic payments of rent. As applicable to the 1999 judgment, *former* ORCP 70 A(2)(a)(iv) (1993) provided that, "[f]or judgments that accrue on a periodic basis," the judgment should include "any accrued arrearages, required further payments per period and accrual dates."[4] Clearly, *former* ORCP 70 contemplated judgments that accrue on a periodic basis. The 1999 judgment complied with the rule's requirements for setting out the payments per period and the accrual dates.

Bowden contends that, because the judgment only set forth the monthly payment of $12,925 and did not set forth the total amount of the judgment, it was not valid. We are not persuaded that the judgment was defective because it did not state the total amount of money owed under the lease. The total amount owed under the lease as expressed in the judgment was readily ascertainable. And, contrary to Bowden's contention, the judgment did not depend on prospective or contingent liability. It awarded periodic payments of rent in a fixed amount through a date certain, the term of the lease.

To the extent that the recital portion of the judgment could give rise to an ambiguity by suggesting that plaintiff must apply for future awards, that ambiguity is

---

[4] ORCP 70 was repealed by Oregon Laws 2003, chapter 576, section 580. Its substance was recodified in ORS 18.042.

resolved by reference to the judgment's text, which unambiguously set forth the periodic payments of rent due under the judgment. In that context, the recital's reference to "all such amounts" is readily understood to apply to amounts above and beyond the monthly rent payments—"expenses, damages, attorney fees, costs and disbursements provided under the lease"—for which plaintiff could make application under the terms of the lease.

Bowden contends that our construction of the judgment is inconsistent with plaintiff's complaint and with the lease itself, which did not seek or provide for payment of unaccrued rent and, if the lease were terminated, authorized only a judgment for the "worth" of future lease payments if the lessor sought damages, and not for "rent." Because plaintiff did not seek termination of the lease or damages in its complaint or default motion, Bowden contends, the 1999 judgment cannot be construed to provide for payment of future amounts that would have been due under the lease. Bowden further argues that, after termination of the lease in September 1999, plaintiff could have but did not file a claim for damages based on the worth of future rent. For those reasons, Bowden contends, the judgment cannot be construed to have required future payments of rent. But Bowden did not appear in the action and was defaulted. He did not seek relief from default or appeal the judgment.[5] We conclude that he has lost the opportunity to challenge the substantive underpinnings of the judgment. The trial court did not err in concluding that the judgment was not void and could have prospective effect beyond the single July rent payment that was due when the judgment was entered.

But we agree with Bowden's additional contention that his obligation to pay "rent" under the judgment terminated

---

[5] Under ORS 19.245(2),

"A party to a judgment given by confession or for want of an answer may not appeal from the judgment except as follows:

"*****

"(b) A defendant may appeal from the judgment if the trial court has entered a default judgment against the defendant as a sanction or has denied a motion to set aside a default order or judgment.

"(c) A defendant may appeal from the judgment if it is void."

with the restitution of the premises on August 1, 2000. After defendants were no longer occupying the premises, there was no entitlement to rent or obligation to pay it. It appears from the record that the amounts paid to plaintiff have exceeded the amount owing in rent as of the date that the lease terminated and the premises were restored to plaintiff. Thus, it would appear on this record that there was no additional money owed under the provisions of the 1999 judgment. The trial court's determination that an additional payment of $19,925 was required to satisfy the judgment was in error, to the extent that it required payment in excess of the amount owed by Bowden for rent as of July 31, 2000.

On appeal, plaintiff contends that the trial court erred in determining that Bowden had satisfied the judgment. In light of our determination that no amount of rent was owing after July 31, 2000, there was no error. Plaintiff also challenges the trial court's award of attorney fees. We have reviewed the trial court record and conclude that the trial court did not err or abuse its discretion in determining that Bowden was entitled to attorney fees.

In his separate appeal, Bowden contends that the trial court erred in awarding attorney fees to plaintiff on its recovery of funds owed under the judgment. In light of our conclusion that no payment of rent was owed under the judgment after termination of the lease and restitution of the property, we conclude that the trial court erred in awarding plaintiff its attorney fees.

In A158775, order requiring payment of additional amount to satisfy judgment reversed and remanded for determination of amount, if any, owing under 1999 judgment; otherwise affirmed; in A165753, supplemental judgment awarding plaintiff attorney fees reversed; otherwise affirmed.