Argued and submitted November 22, 2019; affirmed on appeal, reversed and remanded on cross-appeal for reconsideration of attorney fee award August 4, 2021

MAGNO, LLC,
*Plaintiff-Appellant,*
*Cross-Respondent,*

*v.*

Jeffrey D. BOWDEN,
*Defendant-Respondent,*
*Cross-Appellant,*
*and*

Marilyn J. REA et al.,
*Defendants.*

Washington County Circuit Court
C136320CV; A162346

496 P3d 1049

In this action seeking judicial foreclosure of defendant Bowden's residence, brought by plaintiff for the purpose of determining the amount owed by Bowden on a judgment lien, plaintiff appeals from two supplemental judgments awarding attorney fees to Bowden under ORS 20.105(1), upon the trial court's finding that "there was no objectively reasonable basis for asserting the claim." Bowden cross-appeals from one supplemental judgment only, contending that the trial court erred in not awarding him the full amount of fees requested. *Held*: On plaintiff's appeal, the Court of Appeals concluded that the trial court did not err in determining that plaintiff had no objectively reasonable basis for bringing a foreclosure action, in lieu of executing on the judgment under ORS 18.906, as a means of determining the amount owed by Bowden on the judgment. On Bowden's cross-appeal, the Court of Appeals determined that the trial court's stated reasoning for reducing the attorney fee award did not support a reduction in the attorney fee award and that the trial court therefore abused its discretion in reducing the fee award.

Affirmed on appeal; reversed and remanded on cross-appeal for reconsideration of attorney fee award.

Janelle F. Wipper, Judge.

Matthew R. Chandler argued the cause for appellant cross-respondent. Also on the briefs was Terrence Kay, P.C.

Bruce H. Orr argued the cause for respondent cross-appellant. Also on the brief was Wyse Kadish LLP.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeHOOG, J.

Affirmed on appeal; reversed and remanded on cross-appeal for reconsideration of attorney fee award.

**DeHOOG, J.**

In 1999, plaintiff Magno, LLC obtained a default judgment in Washington County Circuit Court holding defendant Bowden liable, as personal guarantor, for one month of delinquent rent on a commercial lease. The judgment included a money award requiring Bowden to pay monthly rent in the amount of $12,925 for the duration of the lease, which extended through March 2002. *Magno, LLC v. Bowden*, 307 Or App 668, 479 P3d 592 (2020). Pursuant to ORS 18.150(2)(a), the judgment constituted a lien against any real property owned by Bowden in Washington County. In 2013, alleging that the judgment had not been satisfied and that Bowden's liability on the judgment had, with interest, grown to $543,820.63, plaintiff brought this foreclosure action, seeking a new judgment for amounts due under the 1999 judgment and further seeking foreclosure of the judgment lien through the sale of Bowden's personal residence.[1] Plaintiff alleged that "[p]laintiff has no adequate remedy at law and should be granted a foreclosure judgment stated herein."

While this foreclosure action was pending, Bowden separately sought a determination that the 1999 judgment had been fully satisfied. Bowden prevailed in that proceeding. *Magno*, 307 Or App at 670 (determining that plaintiff's judgment had been satisfied).[2] The trial court then dismissed this action for failure to state a claim.

Subsequently, in two supplemental judgments, the court awarded Bowden attorney fees under ORS 20.105(1), which requires an award of fees to the prevailing party upon a finding by the court that "there was no objectively reasonable basis for asserting the claim."

---

[1] Plaintiff named as defendants Bowden, his co-tenant, Rea, and lien and mortgage holders on the property, but only Bowden is party to this appeal.

[2] The trial court in that separate proceeding determined that Bowden still owed plaintiff $19,625 for amounts due under the lease from August 2000 through December 2000. We reversed that judgment, determining that Bowden's obligation under the lease (and, hence, the judgment) had terminated on August 1, 2000, when Bowden vacated the leased premises, that Bowden had satisfied his obligation under the 1999 judgment, and that Bowden's payments had exceeded the amount owed on the judgment. *Magno*, 307 Or App at 677.

Plaintiff appeals, challenging both supplemental judgments. Bowden cross-appeals from the first supplemental judgment only, contending that the trial court erred in not awarding him the full amount of fees requested. For the reasons that follow, we conclude that the trial court did not err in concluding that Bowden was entitled to attorney fees under ORS 20.105(1), and we therefore affirm on appeal. As to Bowden's cross-appeal, however, we conclude that the court did err in reducing Bowden's requested amount of fees under that provision in the manner that it did. Accordingly, we reverse and remand on cross-appeal.

We review the trial court's decision to award fees for errors of law, and its decision as to the amount of fees for an abuse of discretion. *Barber v. Green*, 248 Or App 404, 410, 273 P3d 294 (2012).

ORS 20.105(1) provides:

> "In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

Under ORS 20.105(1), in any civil proceeding, if the trial court finds that a party had "no objectively reasonable basis for asserting the claim," the court is required to award the prevailing party attorney fees.[3] Plaintiff does not dispute that defendants prevailed, but it contends in its first assignment of error that the trial court erred in awarding fees, because the court failed to make the required finding. We conclude otherwise.

---

[3] The statute describes the trial court's determination as a "finding." The factual bases underlying the determination are findings that we review for any evidence, but the ultimate determination whether the claim was "objectively reasonable" is a legal question that we review for errors of law. *Olson v. Howard*, 237 Or App 256, 268, 239 P3d 510 (2010).

In the first supplemental judgment, entered May 25, 2016, the trial court awarded Bowden fees of $7,638 under ORS 20.105(1). In support of that award, the court issued written findings and conclusions on May 3, 2016. Those findings and conclusions do not include an explicit "finding" that plaintiff had no objectively reasonable basis for bringing his claim. But, in concluding that Bowden was entitled to fees under ORS 20.105, the court expressly cited ORS 20.105 and correctly stated the applicable legal standard for an award of fees under that statute. As we interpret the May 3, 2016, rulings, although the court did not explicitly state that plaintiff had no objectively reasonable basis for its claim, the finding is implicit in the court's discussion of the correct legal standard and its conclusion that Bowden was entitled to those fees. Thus, the only plausible reading of the order is that the court made the necessary finding.

To the extent that there is any ambiguity as to the basis for the trial court's award of fees in the supplemental judgment of May 25, 2016, the second supplemental judgment confirms our understanding of the first supplemental judgment. Following entry of the first supplemental judgment in May 2016, Bowden sought fees for additional legal services. In a supplemental judgment dated March 24, 2017, the court awarded Bowden additional attorney fees incurred in obtaining the first award of fees. In its findings and conclusions in support of its March 2017 award, the court clarified that its May 2016 supplemental judgment had determined that Bowden "was entitled to attorney fees pursuant to ORS 20.105 because there was no objectively reasonable basis for Magno to assert its claim in this action to judicially foreclose its judgment lien against Bowden's residence." The court's clarification confirms our interpretation of the first supplemental judgment. We therefore reject plaintiff's contention in its first assignment of error that the trial court failed to make findings required to award fees under ORS 20.105.[4]

In its second assignment of error, plaintiff contends that the trial court erred in concluding that plaintiff lacked an objectively reasonable basis for bringing its

---

[4] Contrary to Bowden's contention, the issue is preserved.

claim. A claim lacks an objectively reasonable basis under ORS 20.105(1) if it is "entirely devoid of legal or factual support at the time it was made." *Mattiza v. Foster*, 311 Or 1, 8, 803 P2d 723 (1990); *Williams v. Salem Women's Clinic*, 245 Or App 476, 482, 263 P3d 1072 (2011).[5] In interpreting the identical standard in ORS 305.437(1), the Supreme Court said in *Detrick v. Dept. of Rev.*, 311 Or 152, 157, 806 P2d 682 (1991):

> "By 'entirely devoid of factual or legal support,' we mean this: As to factual support, no evidence is offered that, if believed, would support a finding and a resulting judgment for the taxpayer in the Tax Court. As to legal support, there is no law—case law, statute, rule or regulation—that supports the taxpayer's claim to relief in the Tax Court."

We review for errors of law a trial court's conclusion that there was no objectively reasonable basis for asserting a claim. *Olson v. Howard*, 237 Or App 256, 264-65, 239 P3d 510 (2010). The outcome of that inquiry "is a function of the substantive law governing the claim." *Id.* at 269. Thus, we provide the following more detailed summary of the underlying litigation.

As noted, plaintiff obtained a default judgment against Bowden in 1999 for rent on a commercial lease, which became a lien on Bowden's property in Washington County. ORS 18.150(2). The judgment required Bowden to make monthly rental payments to plaintiff of $12,925 for the remainder of the lease term, from July 1999 through March 2002. *Magno*, 307 Or App at 671. As described in our earlier opinion, *id.* at 671-74, Bowden made some full and some partial payments on the lease and ultimately vacated the premises as of August 1, 2000. But plaintiff believed that the judgment was not yet satisfied and that Bowden's obligation on the judgment had grown to at least $543,820.63.

ORS chapter 18 describes procedures for enforcement of judgments. ORS 18.906 describes the procedures

---

[5] Although ORS 20.105 has been amended since *Mattiza*, Or Laws 1995, ch 618, § 2, we have continued to apply the "entirely devoid of legal or factual support" standard announced in that case in determining whether a party's claim lacks an objectively reasonable basis. *Schroeder v. Clackamas County Bank*, 291 Or App 16, 18, 419 P3d 726, *rev den*, 363 Or 815 (2018) (citing *Williams*, 245 Or App at 482).

for execution of a judgment through the sale of the debtor's residential property:

> "(1)   A judgment creditor may file a motion with a court requesting an order authorizing the sheriff to sell residential property. The motion must be filed with a court that has authority to issue a writ of execution for the judgment. The motion must include a statement that does all of the following:
>
> "(a)   Indicates the amount of the money award or money awards, as reflected in the judgment or judgments.
>
> "(b)   Indicates the amount owing on the money award or money awards on the date the motion is filed.
>
> "(c)   Indicates whether any of the money awards arise out of an order or judgment for child support as described in ORS 18.398.
>
> "(d)   Identifies the residential property to be sold by legal description and by street address, if any.
>
> "(e)   Indicates whether the property is a homestead. If the property is a homestead, the motion must allege facts showing that the homestead may be sold on execution.
>
> "(2)   A motion under this section must be accompanied by an affidavit disclosing the basis of the allegations contained in the motion. If the judgment creditor relies on more than one judgment to support the order, the motion must be accompanied by copies of all other judgments on which the judgment creditor relies.
>
> "(3)   A court shall promptly schedule a hearing on a motion filed under this section. In setting the hearing the court shall allow adequate time to allow service on the judgment debtor under ORS 18.908."

Thus, under ORS 18.906, a judgment creditor seeking to execute on a judgment lien against residential property may file a motion requesting an order authorizing the sheriff to sell the property. The motion must include information concerning the nature of the judgment to be executed, ORS 18.906(1), and must be accompanied by an affidavit stating the bases for the allegations in the motion. ORS 18.906(2). The court then must follow the procedures set out in ORS chapter 18 for execution of a judgment through the sale of

the debtor's residence. *See* ORS 18.902 (requiring court order authorizing sale); ORS 18.908 (stating notice requirements for motion requesting order authorizing sale of residential property); ORS 18.912 (stating hearing requirements for motion for order authorizing sale of residential property); ORS 18.924 (stating requirements for posting and publication of notice of sale).

Plaintiff did not seek to execute on the judgment under ORS 18.906. Instead, plaintiff brought this action, denominated "Judicial Foreclosure of General Judgment," alleging:

> "Based on the Judgment recorded in Washington County records, Defendant Bowden is indebted to Magno in the amount of at least $543,820.63, plus additional accruing interest thereon until fully paid."

Plaintiff named as defendants Bowden, Bowden's domestic partner and co-tenant, and several lien and mortgage holders. Plaintiff alleged that, through its 1999 judgment, plaintiff held a judgment lien on the residence in the amount of at least $543,820.63 that was superior to the liens of other creditors.[6] Plaintiff sought to foreclose on its judgment, and asked the court for a money judgment in the amount alleged to be owing on the 1999 judgment plus interest and attorney fees.

Bowden moved to dismiss the complaint, contending that it failed to state a claim and that the court lacked "jurisdiction" to foreclose on the judgment. Citing ORS 88.010(1)(a),[7] Bowden asserted that a judgment lien on residential property cannot be foreclosed. Bowden also cited sections of ORS chapter 18 that he contended provide the

---

[6] Plaintiff asserted at the hearing on defendants' motion to dismiss that it was not seeking to execute on the judgment under ORS chapter 18 but was simply bringing "an equitable at-law" matter to determine the various secured interests in Bowden's house, "so that when we know we can—if it's not resolved—which I certainly would hope it would be—we can then execute on Mr. Bowden's interest." In other words, plaintiff asserted that it brought this proceeding only to determine what equitable interest Bowden had in the residence as a prelude to executing on the 1999 judgment.

[7] ORS 88.010(1)(a) provides that "a lien upon real or personal property, other than that of a judgment, whether created by mortgage or otherwise, must be foreclosed, and the property adjudged to be sold to satisfy the debt the lien secures, by bringing suit."

exclusive means of executing on a judgment through the sale of residential property.

Plaintiff then conceded that foreclosure was not available. It nonetheless sought to amend its complaint to request a declaratory ruling as to Bowden's equity in the home and the amount owed on the 1999 judgment. It asserted that that information could be obtained more efficiently in the foreclosure proceeding than under the procedures of ORS chapter 18. In support of the motion to amend, plaintiff's counsel stated in an affidavit:

> "This case was filed to address issues on which Plaintiff has good cause and a reasonable basis to know and have determined prior to executing on Plaintiff's Judgment against Jeffrey Bowden's interest as a tenant in common in the subject real property."[8]

The trial court denied plaintiff's request to file an amended complaint, and plaintiff does not challenge that ruling on appeal.

The trial court then entered an order dismissing plaintiff's action, based on its determination that, to collect on the 1999 judgment, plaintiff could not bring a separate

---

[8] Plaintiff's counsel's affidavit described the nature of the information sought to be obtained through this proceeding:

"3.1 The nature and extent of the co-tenant in common, Marilyn J. Rea, in the subject real property;

"3.2 The amount of any established senior secured debt owed under the original Washington Mutual Trust Deeds recorded in 1993 and 1996 prior to Plaintiff's 1999 Judgment against Bowden; and

"3.3 The amount of senior secured debt, if any, owed as a senior secured debt against the real property interest of Marilyn J. Rea in the subject real property.

"4. Although these issues and nature and amount of secured debt and property ownership interests was sought to be determined in this case under Plaintiff's Complaint, the Defendants JPMorgan as the successor to Washington Mutual and Defendant Marilyn J. Rea have not pled the alleged secured debt and real property interest of Rea subject to secured debt for determination of those issues.

"5. It would be a waste of judicial time and an additional unnecessary expense in filing fees and attorney fees to the parties, if these issues were not determined in this case and Plaintiff had to seek determination of these issues in a different or new proceeding. And it would be unjust for Plaintiff not to know the amounts of secured senior debt, if any, for Plaintiff to pursue negotiations, sale and execution on its 1999 Judgment against the real property interest of Jeffrey Bowden."

foreclosure action but was required to execute on the judgment pursuant to ORS 18.906.

Strictly speaking, the correctness of the trial court's legal conclusion is not before us, because plaintiff does not assign it as error and concedes that an action to foreclose on Bowden's residence to enforce the judgment was not permitted. Moreover, plaintiff does not cite any statute that might authorize foreclosure as a means of enforcing the judgment lien. Plaintiff contends, however, that its foreclosure action was objectively reasonable because, as a part of the foreclosure, plaintiff sought a determination of Bowden's equity in the residence, which would have allowed plaintiff to determine whether it would be worth plaintiff's effort to execute on the 1999 judgment.[9] In other words, plaintiff contends that its foreclosure action was not entirely devoid of factual and legal support, because it provided a means to discover, before executing on the 1999 judgment, whether Bowden had any equity in the home that might make it worthwhile to execute on the judgment.

In determining whether plaintiff's action was entirely devoid of factual or legal support, the question is whether any evidence, if offered and believed, or any legal authority, would support a finding and a resulting judgment for plaintiff. *Detrick*, 311 Or at 157. The trial court found that "plaintiff's effort to judicially foreclose its judicial lien was an attempt to avoid the statutory protections for homeowners like Bowden set forth at ORS 18.901 [to] 18.954." Plaintiff has not specifically assigned error to that finding but disputes it. However, plaintiff's explanation, that it brought the foreclosure action as an efficient way to determine Bowden's equity interest in the home before executing on the judgment, is simply not tenable, when plaintiff's

---

[9] Plaintiff argues:

"As a practical and efficient matter, Plaintiff sought to determine the ownership interests and amounts that may be claimed against the Property through this Case, with all of the interested parties involved, and not through the underlying case that is solely between Plaintiff and Defendant."

"Plaintiff filed this action to seek determinations of the ownership interests in the Property and the underlying secured debt amounts on the Property that are senior to the 1999 Judgment Lien[.]"

priority could have been determined in the writ of execution procedure set out in ORS 18.901 to 18.954. But even accepting plaintiff's explanation, we are not aware of any statute or case law, and plaintiff has cited none, supporting plaintiff's position that foreclosure can be used as a tool for discovery of a debtor's equity in property as a prelude to execution on a judgment. Plaintiff could not have succeeded on that claim on either the facts or the law.

We recognize that ORS 18.252(4) provides that "[n]othing in ORS 18.252 to 18.993 affects the ability of a judgment creditor to enforce a judgment by means other than execution." However, plaintiff does not contend that that section permits a foreclosure action on a debtor's residence to enforce a judgment. Such a contention would, in any event, be dubious, given the absence of any statutory provision authorizing foreclosure as a means of enforcing a judgment that constitutes a lien on residential property and the specific procedures outlined in ORS chapter 18 for the sale of a residence subject to a judgment lien. We therefore agree with the trial court's conclusion that there was no objectively reasonable basis for plaintiff's judicial foreclosure action, and we conclude that the court did not err in awarding attorney fees under ORS 20.105 in the first supplemental judgment. For the same reason, we reject plaintiff's contention in its third assignment of error that the trial court erred by awarding, in the second supplemental judgment, attorney fees that defendant Bowden incurred in pursuing the fees awarded under ORS 20.105 in the first supplemental judgment.[10]

We reach a different conclusion as to Bowden's cross-appeal. As noted, we review the trial court's decision as to the amount of fees it awards for an abuse of discretion. Bowden raises three assignments of error on cross-appeal, all directed at the court's decision to award Bowden attorney fees in the amount of $7,638, when Bowden's itemized and supported attorney fee petition requested $34,102. We conclude that the trial court abused its discretion in awarding Bowden fees in the amount that it did.

---

[10] We reject without discussion plaintiff's remaining arguments under its third assignment of error.

It is well established that, in awarding attorney fees, a trial court need not provide complex or lengthy findings in support of its decision; we must, however, be able to determine based on the record what relevant facts and legal criteria the court relied on in determining its award. *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 96, 957 P2d 1200 (1998). It follows that, for us to conclude that a court has not abused its discretion, the facts and legal criteria that the court relies on must, in fact, support the award that it has made. Here, we conclude, that support is lacking.

The crux of Bowden's argument on cross-appeal is that the trial court abused its discretion by considering an improper factor—the fees awarded to co-defendant Rea— and by improperly weighing the applicable factors when it failed to award Bowden the full amount of the requested fees. We agree that the trial court abused its discretion in determining Bowden's fee award.

First, although the amount of attorney fees that another party requests and receives may be relevant to various discretionary factors, such as the complexity of a case or otherwise, the trial court gave no explanation here for how the award it made as to one co-defendant informed its decision as to an appropriate award for another. As a result, we have no means of determining whether its reliance on that fact reflects an appropriate exercise of its discretion.

Second, we also agree with Bowden that the trial court's other reasons for awarding fees in the amount that it did—reflecting an award of less than 25 percent of Bowden's requested fees—do not support the court's exercise of discretion. As Bowden points out, although the trial court made various findings and identified the factors it was relying on in making the award that it did, each of the factors that the court highlighted or explained appears to weigh in favor of Bowden's fee request. Moreover, plaintiff did not oppose Bowden's fee request as being excessive in light of counsel's hourly rate, the complexity of the case, the time spent, or any other factor on which the court might have relied. Thus, although we do not ourselves reweigh the applicable factors in determining whether the trial court's award reflects a valid exercise of discretion, here we conclude that the record

of the court's exercise of discretion cannot support the decision that it made. As a result, we conclude that the trial court abused its discretion in reducing the fee award in the amount that it did, and we therefore reverse and remand on Bowden's cross-appeal for the trial court's reconsideration of the attorney fee award.

Affirmed on appeal; reversed and remanded on cross-appeal for reconsideration of attorney fee award.