***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 24, supplemental judgment reversed and remanded June 22, 2023

Shannon WINTERS,
*Plaintiff-Respondent,*

*v.*

Timothy BUSHNELL
and Rachel Younce,
*Defendants-Appellants.*

Marion County Circuit Court
21LT04325; A178308

Matthew L. Tracey, Judge pro tempore.

Troy Pickard filed the brief for appellants.

No appearance for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Supplemental judgment reversed and remanded.

**SHORR, P. J.**

Tenants appeal from a supplemental judgment that awarded them $1,600 in attorney fees for just four hours of their attorney's time, which was a substantial reduction from their request for $12,760 in fees based on approximately 32 hours of attorney time. The supplemental judgment was entered after tenants defeated landlord's eviction claims and further prevailed on their own counterclaims. In deciding the appropriate amount of a fee award, the trial court did not provide a detailed explanation for its substantial reduction of the requested fees. It stated that it had balanced the relevant statutory factors, concluded that the requested time was "excessive under the circumstances," and "note[d] that [landlord] filed two separate actions against the same tenants which were each premised on deficient complaints." Landlord does not appear on appeal to defend the reduced attorney fee award. For the reasons that we briefly discuss below, the trial court abused its discretion in issuing a fee award based on only four hours of attorney time. As a result, we reverse and remand for further proceedings on the attorney fee petition.

A detailed discussion of the facts would not benefit the bench, the bar, or the public. Landlord, who was not represented by an attorney, issued eviction notices and filed residential eviction complaints against tenants. Tenants retained an attorney and filed counterclaims against landlord for retaliation and unlawful entry into their portion of the leased premises. Beyond filing an answer and counterclaims for tenants, the attorney filed a motion to compel landlord's deposition, negotiated and conferred with landlord, appeared at conferences before the court, represented tenants at a deposition of landlord and at a court-ordered mediation, and prepared for and attended trial. The trial was not long but occurred over two separate court dates. In all, the attorney spent approximately 32 hours litigating the case.

As noted, tenants were not only successful in defeating the eviction claims, they also prevailed on their counterclaims, obtaining a general judgment against landlord for $2,100. After obtaining the general judgment, tenants

petitioned for an award of prevailing-party attorney fees based on their counsel's total time at a rate of $400 an hour. Landlord did not file an objection to tenants' fee petition. The trial court ruled based on the written submission and did not hold a hearing.

The trial court concluded that tenants were entitled to costs and fees but considered the requested fees to be "excessive under the circumstances." It concluded, after balancing the ORS 20.075 factors, that it would award tenants a modified award of $1,600 for four total hours of tenants' attorney's time. The court's only further possible explanation for the award of just four hours of time was that the court "does note the [landlord] filed two separate actions against the same tenants which were each premised on deficient complaints." That was the extent of the court's written decision, which was added as a note to the top of the supplemental judgment.

We review a trial court's decision as to the amount of an attorney-fee award for an abuse of discretion. *Magno, LLC v. Bowden*, 313 Or App 686, 689, 496 P3d 1049 (2021); *see also* ORS 20.075(3). We have previously outlined a trial court's duties in determining the amount of a fee award and our standard for the review of that award:

> "It is well established that, in awarding attorney fees, a trial court need not provide complex or lengthy findings in support of its decision; we must, however, be able to determine based on the record what relevant facts and legal criteria the court relied on in determining its award. *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 96, 957 P2d 1200 (1998). It follows that, for us to conclude that a court has not abused its discretion, the facts and legal criteria that the court relies on must, in fact, support the award that it has made. Here, we conclude, that support is lacking."

*Magno, LLC*, 313 Or App at 697. We similarly conclude in this case that the trial court's support for its fee award based on four hours of attorney time is lacking.

While the trial court stated that it had considered the relevant statutory factors under ORS 20.075, its only express explanation for an award of just four hours

of attorney time (or only 12.5 percent of the total fee time requested) was a summary conclusion that the requested time was purportedly "excessive under the circumstances." It also noted that landlord filed (and tenants defeated) two separate eviction actions that were premised on "deficient complaints."

Considering the trial court's latter point first—that landlord filed two deficient complaints—we see no reason under these circumstances why a landlord's actions in filing successive and deficient eviction complaints could, at least standing alone, result in a reduced fee award *for tenants*. It is impossible to see on this record how that fact could count against the tenants when the tenants' attorney necessarily spent time defeating the deficient complaints and ultimately prevailing at trial.[1]

Turning to the amount of fees awarded, we need not decide whether tenants are entitled to the full amount of time submitted, as that issue will be reexamined on remand. It is clear, however, that the trial court abused its discretion in awarding just four hours of attorney time after tenants' attorney successfully litigated this case from the pleading stage through a trial in which tenants ultimately prevailed against landlord's claims and on their own counterclaims. As noted, tenants' attorney participated in court conferences, a court-ordered mediation, and trial. All of those were either court-ordered or essential to fulfill the attorney's duties to his clients. Tenants' attorney further moved to compel a deposition, deposed landlord, and engaged in preparation for all pretrial and trial activities. Landlord did not challenge any of that time as wasteful or excessive.[2]

The trial court on remand can further analyze the reasonableness of the overall requested time. Based on our review of the law, the fee records, and the court's stated reasons for substantially reducing the fee request, however, we

---

[1] Landlord did not oppose the fee request or supply any reason why her eviction complaints could have been dismissed more efficiently—even assuming for the moment that that logic might in certain circumstances support a reduced fee for tenants when considering all of the statutory factors in ORS 20.075.

[2] Landlord also did not contest the attorney's hourly billing rate. The court awarded the time at the requested rate of $400 an hour.

can safely say that the court abused its discretion in awarding just four hours of attorney time. As a result, we reverse and remand the supplemental judgment for reconsideration of tenants' petition for fees and costs.[3] *Magno, LLC*, 313 Or App at 698.

Supplemental judgment reversed and remanded.

---

[3] We note that the supplemental judgment appears to contain an internal inconsistency. The text of the judgment states a total award of $14,185.75, an amount that includes *all* of the requested attorney fees, even though the court did not award all of those fees and the money award portion of the judgment notes the reduced attorney-fee award of $1,600. In any event, the supplemental judgment will be reexamined on remand in the trial court.